UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GLENN COMPLETA,

                  Plaintiff,

      -against-

ATMOSPHERE ACADEMY PUBLIC
CHARTER SCHOOL,

                  Defendant.
------------------------------------------------------X

**Case No.**

**COMPLAINT**

**Jury Demand**

       Plaintiff GLENN COMPLETA ("Plaintiff" or "Mr. Completa"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendant ATMOSPHERE ACADEMY PUBLIC CHARTER SCHOOL ("Atmosphere", "Defendant" or the "Organization"), the following:

### NATURE OF THE ACTION

       1.     This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"), New York State Executive Law §296 *et seq.* ("NYSHRL" or "State Law") and the Administrative Code of the City of New York §8-101 *et seq.* ("NYCHRL" or "City Law") based on the Organization's discriminatory and retaliatory termination of Plaintiff's employment because of his disability and complaints related to health and safety.

       2.     Defendant knowingly violated Plaintiff's rights under federal, state, and city laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured.

       3.     Damages and other legal relief are sought pursuant to the ADA, State Law, and City Law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over Plaintiff's State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this District because Defendant conducts business in this District, and acts and/or omissions giving rise to the claims alleged herein took place in this district.

6.      Pursuant to §8-502 (c) of the City Law, Plaintiff served a copy of this Complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

## PARTIES

### *Plaintiff*

7.      At all relevant times, Plaintiff was a resident of New York State and worked in the City of New York.

8.      Plaintiff was at all times an "employee" within the meaning of the ADA, protected from discrimination on the basis of disability.

9.      Plaintiff was at all times a "person" within the meaning of State and City Law, protected from discrimination on the basis of disability.

10.     Plaintiff was an individual with a disability (compromised immunity) under the ADA, State Law, and City Law.

*Defendant*

11.     Throughout the relevant time period, Defendant was Plaintiff's employer.

12.     Atmosphere is a public charter school.

13.     Atmosphere maintains a principal place of business at 22 Marble Hill Ave, Bronx, NY, 10463.

14.     At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed more than twenty (20) employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year and accordingly is an "employer" within the definition of the ADA.

15.     At all relevant times hereto, Defendant has continuously been doing business in the State and City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definition of State and City Law.


## FACTUAL ALLEGATIONS
*Background regarding Plaintiff's Employment*

16.     Mr. Completa commenced employment as a seventh grade English teacher with Defendant on August 5, 2019.

17.     Mr. Completa is a New York State Certified English teacher for grades 7-12 and has taught middle school students for over twenty years.

18.      At all times during his employment, Mr. Completa carried out his job duties with diligence and care, consistently meeting or exceeding the Organization's legitimate performance expectations.

19.      In January 2020, Mr. Completa was asked by Defendant to present at a New

4

Teacher Workshop in recognition of his talent.

20.    In May 2020, Mr. Completa was invited back to Atmosphere for the next academic year and given a raise.

21.    In October 2020, Andrew Raia, the English Department Chair, recognized that Mr. Completa was the one teacher at the school who was competent with the transcription software platform KAMI and asked Plaintiff to be the school liaison for the tool.

22.    In December 2020, Mr. Completa received a merit-based bonus from Atmosphere.

### *Mr. Completa's Disability and*
### *the Organization's retaliation.*

23.    In December 2019, Mr. Completa took paid time off from work to meet with a specialist regarding his disability of compromised immunity.

24.    Defendant's administration was unsupportive of Mr. Completa's need for time off and escalated the issue, requiring Mr. Completa to meet with an HR representative, then with Chief Executive Officer Colin Greene and Chief Learning Officer Elizabeth Nash.

25.    During this meeting, Mr. Greene threatened to call Plaintiff's specialist to reschedule the appointment on Mr. Completa's behalf.

26.    In August 2020, Atmosphere began a new school year with fully remote instruction.

27.    In September 2020, Atmosphere instituted a hybrid model, with two days of in-person instruction and three days of remote instruction.

28.    On November 18th, Atmosphere returned to fully remote instruction as the city surpassed a 3% positivity rate.

5

29.     In December 2020, though COVID-19 positivity rates were rising in New York City, Atmosphere announced that they would proceed with fully in-person instruction starting in January 2021.

30.     At a Staff and Faculty Meeting on December 17, 2020, Mr. Completa and other co-workers raised concerns in response to Atmosphere's plan to return all teachers and students to full-time in-person instruction.

31.     Mr. Completa commented that commutes may be unsafe while cases were rising, that some staff may have underlying conditions, and that students may be overwhelmed by the return.

32.     On December 22, 2020, Mr. Completa made a request for an accommodation for a medical exemption to in-person instruction due to his disability of compromised immunity.

33.     Mr. Completa provided supporting documentation from his doctor to show his need to work remotely.

34.     Mr. Completa's accommodation request was sent to Defendant's employees Mr. Greene, Mr. Raia, and Kate Brennan.

35.     Mr. Completa was approved to work remotely for the month of January 2021 on a month-to-month basis.

36.     Less than a month after making his accommodation request, Mr. Completa was disciplined by Andrew Raia and Kate Brennan.

37.     In a meeting on January 13, 2021, Mr. Completa received a disciplinary write-up for advocating for the medical paid time off he requested in December 2019, and for raising concerns related to health and his disability with regards to the Organization's return-to-office plan.

38.     In this meeting, the Atmosphere administration implied that Mr. Completa must stop discussing the health and safety risks related to returning to in-person instruction, and would be fired if he continued to discuss them.

39.     Defendant provided Mr. Completa with a Letter to File listing his activities which were subject to discipline.

40.     Many activities listed in the Letter to File related to health and safety complaints or concerns Mr. Completa shared with the Administration about returning to full-time instruction.

41.     For example, Mr. Completa was disciplined for expressing at a staff meeting that he felt he was being asked to choose between his health and his job.

42.     Atmosphere also disciplined Mr. Completa for discussing concerns about the safety of commuting in the same staff meeting.

43.     Atmosphere also disciplined Mr. Completa for mentioning his concerns related to his underlying condition in the staff meeting.

44.     As part of this disciplinary write-up, the Atmosphere administration did not provide Mr. Completa his invitation to return at the same time as the other teachers.

45.     On January 26, 2021, Mr. Completa applied for an accommodation to teach remotely in February.

46.     Andrew Raia and Chief Operating Officer Gabriel Rosenblum denied Mr. Completa's request to teach remotely in February.

47.     Several days in the beginning of February 2021 were moved to remote instruction due to inclement weather.

48.     Mr. Completa received his first COVID-19 vaccination on February 4, 2021.

49.     During February, several students tested positive for COVID-19, and the 6th and 8th grade campuses were closed.

50.     On February 9, Mr. Completa sent a request to work remotely for two days to allow his vaccination to take effect before returning, especially considering the high incidence of COVID-19 at the school.

51.     Two hours after making this request, Mr. Completa was summarily terminated.

52.     Within days, two other teachers who had been working remotely due to disabilities, Naya Lebron and Tamika McCullough, were also fired.

## FIRST CAUSE OF ACTION
### (Discrimination Based on Disability
### in Violation of the ADA)

53.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54.     Defendant was aware that Plaintiff had a disability (compromised immunity).

55.     Defendant willfully violated the ADA when it terminated Plaintiff's employment because of his disability and denied him an accommodation.

56.     As a proximate result of the Organization's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

57.     As a proximate result of the Organization's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SECOND CAUSE OF ACTION
### (Retaliatory Termination of Employment
### under the ADA)

58.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59.     Plaintiff engaged in protected activity when he asserted his rights by expressing concern about returning to in-person instruction and requesting a remote accommodation.

60.     The Organization willfully violated the ADA when it terminated Plaintiff's employment because he complained and requested an accommodation.

61.     As a proximate result of the Organization's unlawful acts, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

62.     As a proximate result of the Organization's unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## THIRD CAUSE OF ACTION
### (Discrimination Based on Disability
### in Violation of State Law)

63.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64.     Defendant was aware that Plaintiff had a disability (compromised immunity).

65.     Defendant willfully violated State Law when it terminated Plaintiff's employment because of his disability and denied him an accommodation.

66.     As a proximate result of the Organization's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss

9

of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

67.    As a proximate result of the Organization's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**FOURTH CAUSE OF ACTION**
**(Retaliatory Termination of Employment**
**under State Law)**

68.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69.    Plaintiff engaged in protected activity when he asserted his rights by expressing concern about returning to in-person instruction and requesting a remote accommodation.

70.    The Organization willfully violated State Law when they terminated Plaintiff's employment because he complained and requested an accommodation.

71.    As a proximate result of the Organization's unlawful acts, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

72.    As a proximate result of the Organization's unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**FIFTH CAUSE OF ACTION**
**(Discriminatory Based on Disability**
**in Violation of City Law)**

73.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

10

74.     Defendant was aware that Plaintiff had a disability (compromised immunity).

75.     Defendant willfully violated City Law when it terminated Plaintiff's employment because of his disability and denied him an accommodation.

76.     As a proximate result of the Organization's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

77.     As a proximate result of the Organization's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### SIXTH CAUSE OF ACTION
**(Retaliatory Termination of Employment
under City Law)**

78.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

79.     Plaintiff engaged in protected activity when he asserted his rights by expressing concern about returning to in-person instruction and requesting a remote accommodation.

80.     The Organization willfully violated City Law when they terminated Plaintiff's employment because he complained and requested an accommodation.

81.     As a proximate result of the Organization's unlawful acts, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

82.     As a proximate result of the Organization's unlawful acts, Plaintiff has suffered

11

and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment granting:

i.   back pay, prejudgment interest, front pay and damages for all employment benefits Plaintiff would have received but for the unlawful acts and practices of Defendant;

ii.  liquidated damages;

iii. reasonable attorneys' fees and costs incurred in this action;  and

iv.  any other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: September 20, 2021

Respectfully submitted,

**FISHER TAUBENFELD LLP**

By: _____
      Liane Fisher, Esq. (LF5708)
      *Attorneys for Plaintiff*
      225 Broadway, Suite 1700
      New York, New York 10007
      Phone: (212) 571-0700
      Fax: (212) 505-2001